NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2978
_____

TERRANCE LEWIS,
                                        Appellant

v.

HARRY WILSON;
THE DISTRICT ATTORNEY OF THE COUNTY OF PHILADELPHIA;
THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA

_____

On Appeal from the District Court
for the Eastern District Of Pennsylvania
(D.C. No. 05-cv-04864)
District Judge: Hon. Berle M. Schiller
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
On March 22, 2011

Before: FUENTES, SMITH and VAN ANTWERPEN, Circuit Judges.

(Opinion Filed: April 8, 2011)

_____

OPINION OF THE COURT

_____

FUENTES, Circuit Judge:

1

Appellant Terrance Lewis appeals from the District Court's adoption of a Magistrate Judge's Report and Recommendation, dismissing all of Lewis' claims under 28 U.S.C. § 2254. For the reasons that follow, we will affirm.

**I.**

In December 1997, Terrance Lewis was charged with the August 6, 1996 second-degree murder of Bernard Howard, a drug dealer who was shot once in the back at his home in Philadelphia, Pennsylvania. Lewis was seventeen at the time of the shooting. Howard's girlfriend, Lena Laws, told police that Lewis was a participant in the robbery that led to Howard's death.

Lewis, and co-defendants Jimel Lawson and Jehmar Gladden were jointly tried in May, 1999. Based largely on the testimony of Laws – a drug addict who had been smoking crack shortly before the shooting and the only eyewitness to testify at trial – Lewis was convicted of second-degree murder, robbery, and criminal conspiracy. The Court imposed a mandatory sentence of life imprisonment under Pennsylvania law. Lewis' state court appeal of his conviction was unsuccessful.

In January, 2002, Lewis filed a petition under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541-46. The PCRA court appointed counsel, who filed an amended petition. The PCRA court dismissed the amended petition on the merits and Lewis' appeal was unsuccessful.

On September 2, 2005, Lewis filed a second PCRA petition, which raised the issue of newly discovered evidence in the form of a hand-written signed statement by his co-defendant, Gladden, asserting that Lewis was not involved in the robbery and murder of

2

Howard. On March 24, 2006, while the second PCRA petition was pending, Lewis' sister, Tanisha Thorton, met a woman named Kizzi Baker at a bar where Thorton worked. Baker told Thorton, and later submitted an unsigned statement asserting that she knew Lewis personally from an earlier time when he had dated her neighbor. Baker, who lived near Howard's house, claimed in her statement that on the night of the shooting she had been standing on the corner near Howard's house when she saw three teenage males enter the house. After about ten minutes, she stated that she heard a gunshot, after which three teenage males, none of whom were Lewis, left the house.

After counsel was appointed by the PCRA court, Lewis filed an amended petition, alleging as grounds for relief that newly discovered evidence and his "actual innocence"[1] of the crimes for which he was convicted "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place" under 42 Pa. C.S. § 9543(a)(2)(i). Although the second amended PCRA petition did not assert that Lewis' trial counsel was ineffective in failing to investigate and present Baker as a witness, Lewis' May 23, 2006 memorandum did raise that argument. On August 18, the PCRA court gave Lewis notice of its intent to dismiss the petition due to untimeliness. Although Lewis filed an objection, the PCRA court dismissed the petition on September 21 because it had not been filed within one year of the date that Lewis' judgment of

---

[1] In Schlup v. Delo, 513 U.S. 298, 327 (1995), the Supreme Court applied the term "actual innocence" to petitioners who are able to show on collateral review that "it is more likely than not that no reasonable juror would have convicted [them] in the light of . . . new evidence." Petitioners for whom a finding of "actual innocence" has been made are able to "avoid a procedural bar to the consideration of the merits of [their] constitutional claims." Id.

sentence became final as required by 42 Pa. C.S. § 9545(b)(1).  Further, the PCRA Court, following argument, "determined that [Lewis] did not qualify under any of the statutory exceptions to the timeliness rule" under 42 Pa. C.S. § 9545(b)(1)(i) through (iii).[2]  (Supp. App. at 5.)

Lewis appealed this decision to the Pennsylvania Superior Court, arguing that the PCRA court had erroneously dismissed his petition because he had timely presented a claim of "after discovered evidence" under § 9545(b)(1)(ii) and because his claim for "actual innocence" should never be time barred.  On November 10, 2006 the PCRA court ordered Lewis to file a "statement of matters complained of on appeal" with it, as required by Pa. R. App. P. 1925(b).[3]  While a statement was apparently served on the PCRA court judge on November 17, the Superior Court found no evidence that it had ever been filed with the Court, as required by Rule 1925(b).  Finding that failure to comply with Rule 1925(b) was inexcusable under Pennsylvania Supreme Court precedent, at least where the appellant's counsel had not "utterly abandoned the matter, leaving appellant . . . to his own devices," (Supp. App. at 10), the Superior Court found

---

[2] 42 Pa.C.S. §  9545(b)(1) provides three exceptions to the one-year statute of limitations for filing PCRA petitions.  The second and potentially pertinent exception here, applies where "facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]"  Id. at § 9545(b)(1)(ii).  PCRA petitions invoking this exception must "be filed within 60 days of the date the claim could have been presented."  Id. at § 9545(b)(2).

[3] Pa. R. App. P. 1925(b) provides that "[i]f the judge entering the order giving rise to the notice of appeal . . . desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal."  The filing and service of the statement must occur within 21 days of the order's entry.  Id. at 1925(b)(2).

that Lewis had waived his issues on appeal and affirmed the PCRA court. The Pennsylvania Supreme Court denied his request for an appeal on April 29, 2008.

While his second PCRA petition was pending, on September 12, 2005, Lewis also filed a federal habeas petition under 28 U.S.C. § 2254, raising four grounds for relief. The first three grounds for relief, relating to ineffective assistance of counsel on direct appeal, were dismissed by the District Court and have not been appealed. Ground four asserted that newly discovered evidence, in the form of co-defendant Gladden's signed statement, exonerated Lewis. The District Court referred the 2254 petition to the assigned Magistrate Judge, who issued a stay pending the resolution of the second PCRA petition. While Lewis' PCRA petition was being appealed, the Magistrate Judge granted Lewis' request to amend his 2254 petition to include new evidence based upon the statements of Baker. Lewis filed supplemental briefing adding three new grounds for relief. Ground five asserted that newly discovered evidence, in the form of both Gladden and Baker's statements, established Lewis' "actual innocence," thereby excusing him from any procedural defaults. Ground six asserted that the Pennsylvania state courts erred in determining that his "actual innocence" claim had been untimely presented. Ground seven asserted that trial counsel had been ineffective when he failed to conduct any pre-trial investigation, which Lewis contends would have uncovered the testimony of Baker.

On April 29, 2009, the Magistrate Judge held an evidentiary hearing at which Kizzi Baker, co-defendant Jehmar Gladden, Lewis' sister, Tanisha Thorton, and Lewis himself each testified. The Magistrate Judge found that Baker and Gladden each

5

"testified credibly and consistently with their prior affidavits" while "Thornton corroborated [ ] Baker's explanation of how they met and what they discussed concerning [Lewis'] innocence." (App. at 15.) Additionally, Lewis testified that he was not in Bernard Howard's home on the night of the shooting and that prior to his trial he had rejected a plea bargain to serve no more than ten years if he testified against Lawson, but did not do so because he was not at the house and could not truthfully testify as to what happened.[4]

The Magistrate Judge first dismissed Lewis' sixth ground for relief, holding that claims based upon state law or procedural errors made during state collateral proceedings are not reviewable under 28 U.S.C. § 2254. Lewis does not challenge this holding on appeal.

The Magistrate Judge next found that because Lewis failed to raise his seventh ground for relief – relating to trial counsel's failure to investigate and discover Baker – in the appeal of his second PCRA petition, and because the statute of limitations for such a claim had now expired, that claim had been procedurally defaulted. However, based upon testimony given at the April 29 evidentiary hearing, the Magistrate Judge found that Lewis was "actually innocent" under Schlup v. Delo, 513 U.S. 298 (1995), as alleged in his fourth and fifth grounds for relief, and that he could thereby overcome the procedural default of his ineffective assistance claim.[5] In Schlup, the Supreme Court held that a

---

[4] Trial counsel submitted an unsworn declaration confirming that the Commonwealth did indeed offer Lewis a deal if he would testify against Lawson, but that Lewis had rejected the deal after claiming he was innocent.
[5] Specifically, the Magistrate stated:

6

federal habeas petitioner may overcome a procedural bar to the consideration of the merits of his constitutional claims where he has shown a "miscarriage of justice" by demonstrating "that it is more likely than not that no reasonable juror would have convicted him," and therefore that he is "actually innocent." Id. at 326-27.

However, the Magistrate Judge held that despite the finding of "actual innocence," Lewis could not proceed with his ineffective assistance claim under § 2254(e)(2) of AEDPA because he failed to diligently develop a factual record at the state level to show that his trial counsel's representation fell below an objective standard of reasonableness as required by Strickland v. Washington, 466 U.S. 668 (1984). See 28 U.S.C. § 2254(e)(2) ("If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless [certain exceptions are met]."). The Magistrate Judge also found that Lewis could not seek relief directly upon his claim of "actual innocence," given the Supreme Court's ruling that "actual innocence" is merely a gateway to the consideration of otherwise defaulted claims, rather than an independent basis for relief. See Herrera v. Collins, 506 U.S. 390, 404 (1993). Accordingly, the Magistrate Judge recommended that Lewis' petition be dismissed, and the District Court adopted the recommendation.

---

> The court found the testimony of these witnesses to be credible, hence, the court believes that Petitioner is innocent. Moreover, in the court's view, in light of the new evidence Petitioner presented at the April 29, 2009 hearing, it is more likely than not that no reasonable juror would have convicted Petitioner. Accordingly, his procedural default is excusable.

(App. at 15-16.)

7

## II.

On appeal, Lewis contends that the Magistrate Judge erred in applying §
2254(e)(2) to his case. Before we address Lewis' arguments, we briefly describe and
analyze the statutory scheme of § 2254(e)(2).[6]

## A.

Section 2254(e)(2) of AEDPA provides that:

> If the applicant has failed to develop the factual basis of a claim in State
> court proceedings, the court shall not hold an evidentiary hearing on the
> claim unless the applicant shows that –
> (A) the claim relies on –
>> (i) a new rule of constitutional law, made retroactive to cases on
>> collateral review by the Supreme Court, that was previously
>> unavailable; or
>> (ii) a factual predicate that could not have been previously
>> discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear
> and convincing evidence that but for constitutional error, no reasonable
> factfinder would have found the applicant guilty of the underlying offense.

In other words, if a petitioner has "failed to develop the factual basis of a claim" in

the course of his state collateral proceedings, the petitioner is not entitled to a

hearing in federal court unless he relies on newly discovered evidence or a new

retroactive rule of constitutional law, and is "actually innocent" as demonstrated

by clear and convincing evidence.

Moreover, as to what constitutes a "fail[ure] to develop the factual basis of a

claim[,]" the Supreme Court in <u>Williams v. Taylor</u>, 529 U.S. 420, 432 (2000), explained

---

[6] The District Court had subject matter jurisdiction over this matter under 28 U.S.C. §
2254. This Court exercises jurisdiction over Lewis's appeal under 28 U.S.C. §
2253(c)(1)(A).

8

that such a failure will be established where "there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." Under this test, "[d]iligence . . . depends upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court . . ." Id. at 435. Further, "[d]iligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law." Id. at 437.

To summarize the requirements of § 2254(e)(2), where a petitioner has diligently developed the factual basis for his collateral claims in state court, he may obtain a hearing in federal court. Further, even where he has failed to diligently develop the factual record in state court, he may nevertheless obtain a hearing if he relies on newly discovered evidence or new constitutional rulings which are retroactively applicable to him, and establishes his "actual innocence" by clear and convincing evidence. Outside of these conditions, however, a petitioner may not obtain a hearing on his collateral claims in federal court.

With these considerations in mind, we turn to Lewis' arguments that (1) the Magistrate Judge's finding of "actual innocence" makes it unnecessary for him to meet the requirements of § 2254(e)(2), and (2) that even if he must comply with § 2254(e)(2), he did so by diligently attempting to develop the factual basis for his claim before the PCRA court.

**B.**

Lewis first contends that the Magistrate Judge's finding that he was "actually innocent" overcomes the bar of § 2254(e)(2), just as it overcame the procedural default bar under Schlup. Prior to the 1996 passage of AEDPA, Lewis' argument that the "actual innocence" exception should apply to failures to develop the factual basis of a claim would have had merit. See Cristin v. Brennan, 281 F.3d 404, 414 (3d Cir. 2002) (noting that the Supreme Court's holding in Keeney v. Tamayo-Reyes, 504 U.S. 1 (1992), applied the same "actual innocence" or "miscarriage of justice standard[ ]" when considering a petitioner's "failure to develop a factual record" as it did when considering a "litigant's procedural default").

However, in Williams v. Taylor, 529 U.S. 420, 432 (2000), the Supreme Court held that the language in § 2254(e)(2) of AEDPA expressly overturned the miscarriage of justice "actual innocence" exception in Keeney:

> To be sure, in requiring that prisoners who have not been diligent satisfy § 2254(e)(2) . . . and in eliminating a freestanding 'miscarriage of justice' exception, Congress raised the bar Keeney imposed on prisoners who were not diligent in state-court proceedings.

529 U.S. at 433 (emphasis supplied). This change occurred because, as explained above, the language of § 2254(e)(2) now requires that to overcome the failure to develop a record, a petitioner must show both that "there is a convincing claim of innocence" under § 2254(e)(2)(B), and that "the legal or factual basis of the claims did not exist at the time of state-court proceedings" under §§ 2254(e)(2)(A)(i) or (ii). Taylor, 529 at 435-36. Accordingly, because § 2254(e)(2) eliminated the freestanding "actual innocence" exception for failures to develop the factual basis of a claim in state collateral

10

proceedings, the Magistrate Judge's finding that Lewis is "actually innocent" does not, by itself, overcome § 2254(e)(2). Further, the Magistrate Judge was correct to hold that neither § 2254(e)(2)(A)(i) nor § 2254(e)(2)(A) (ii) applies here. Because Lewis' PCRA counsel had already learned of Baker and what she would testify to at the time of his PCRA proceedings in the Pennsylvania courts, and because there was no new rule of constitutional law applicable to him, Lewis failed to satisfy the requirements of §§ 2254(e)(2)(A)(i) or (ii).

## C.

Lewis next argues that even if § 2254(e)(2) is applicable to him, despite the finding of "actual innocence," the Magistrate Judge misapplied the diligence standard under Taylor. Lewis argues that he and his counsel were diligent because they requested a hearing on his ineffective assistance claim, which he argues is all that is required to show diligence in these circumstances under Third Circuit precedent.

The Magistrate Judge, however, found that Lewis, through his PCRA counsel, had lacked diligence in (1) failing to proffer his trial counsel's testimony regarding the claimed deficient performance to the PCRA court, and (2) failing to properly pursue the appeal of the dismissal of the PCRA petition before the Superior Court. Although not stated as a basis for the ruling by the Magistrate Judge, Lewis' counsel also lacked diligence in failing to satisfy the statute of limitations for the second PCRA petition, ultimately leading to its dismissal.

As to the question of whether Lewis was required to do more than request a hearing on his ineffective assistance claim, such as submitting an affidavit from his trial

11

counsel or requesting that his trial counsel testify, both the Magistrate Judge and Lewis have cited to cases that are arguably controlling. We conclude, however, that it is unnecessary to reach this issue. Instead, we hold that even if Lewis' failure to proffer evidence as to the basis of his ineffective assistance claim did not constitute a lack of diligence, his failure to timely file his second PCRA petition, as well as his failure to properly appeal its dismissal, plainly did.

In our view, Lewis' PCRA counsel lacked diligence in developing the factual basis of Lewis' Strickland claim because he untimely filed the petition and then, after its dismissal, failed to properly file the required "Statement of Matters Complained of on Appeal." These procedural errors led to the dismissal of the appeal and the inability to develop the record as to the alleged ineffectiveness of Lewis' trial counsel.

Because Lewis and his counsel failed to both timely file and properly appeal his Strickland claim, and because that lack of diligence resulted in a failure to develop the record as to that claim, we conclude that Lewis' request for a hearing under § 2254(e)(2) must be denied. The Magistrate Judge and District Court were therefore correct to dismiss his appeal.

## III.

For the foregoing reasons, we will affirm the District Court's judgment.